AO 243 (Rev. 09/17)

FILED BY **NA** D.C.

MAY 2 0 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:
   
   **Clerk, United States District Court for**
   **Address**
   **City, State  Zip Code**

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION:** You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

AO 243 (Rev. 09/17)

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Southern Florida |
|---|---|
| Name (under which you were convicted): Steven B. Powell | Docket or Case No.: 20-60073-cr-Singhal |
| Place of Confinement: F.C.I. Miami | Prisoner No.: 96051-004 |
| UNITED STATES OF AMERICA  V. | Movant (include name under which convicted) Steven B. Powell |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court Southern District of Florida

   (b) Criminal docket or case number (if you know): 20-60073-cr-Singhal

2. (a) Date of the judgment of conviction (if you know): June 15, 2021

   (b) Date of sentencing: June 15, 2021

3. Length of sentence: 180 months

4. Nature of crime (all counts):

   18 U.S.C. 922(g) Possession of a firearm by convicted felon.

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☒

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction? Yes ☐ No ☒

9. If you did appeal, answer the following:
   (a) Name of court: N/A
   (b) Docket or case number (if you know): N/A
   (c) Result: N/A
   (d) Date of result (if you know): N/A
   (e) Citation to the case (if you know): N/A
   (f) Grounds raised:

   N/A

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒
   If "Yes," answer the following:
   (1) Docket or case number (if you know): N/A
   (2) Result: N/A
   
   N/A
   
   (3) Date of result (if you know): N/A
   (4) Citation to the case (if you know): N/A
   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know): N/A

AO 243 (Rev. 09/17)

    (4) Nature of the proceeding: N/A
    (5) Grounds raised:

N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☒
    (7) Result: N/A
    (8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:
    (1) Name of court: N/A
    (2) Docket of case number (if you know): N/A
    (3) Date of filing (if you know): N/A
    (4) Nature of the proceeding: N/A
    (5) Grounds raised:

N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☒
    (7) Result: N/A
    (8) Date of result (if you know): N/A

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1) First petition:    Yes ☐    No ☒
    (2) Second petition:    Yes ☐    No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Counsel was ineffective for not filing a notice of appeal upon petitioner request to do so.

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Counsel was ineffective for not filing filing a notice of appeal in petitioner case Garza vs. Idaho 139 Sect. 738 (2019).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was ineffective for not filing a notice of appeal upon petitioner request to do so

(See Memorandum of Law)

(b) **Direct Appeal of Ground One:**
 (1) If you appealed from the judgment of conviction, did you raise this issue?
  Yes ☐   No ☒
 (2) If you did not raise this issue in your direct appeal, explain why:
 Counsel was ineffective for not filing notice of appeal upon petitioner request to do so.

(c) **Post-Conviction Proceedings:**
 (1) Did you raise this issue in any post-conviction motion, petition, or application?
  Yes ☐   No ☒
 (2) If you answer to Question (c)(1) is "Yes," state:
 Type of motion or petition: N/A
 Name and location of the court where the motion or petition was filed:
 N/A
 Docket or case number (if you know): N/A
 Date of the court's decision: N/A
 Result (attach a copy of the court's opinion or order, if available):
 N/A

 (3) Did you receive a hearing on your motion, petition, or application?
  Yes ☐   No ☒

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):   N/A
Date of the court's decision:   N/A
Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND TWO:** Counsel was ineffective for not arguing petitioner's prior convictions that do not qualify for ACCA Enhancement.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was ineffective for not arguing petitioner's prior convictions at sentencing. Petitioner prior convictions do not qualify for ACCA Enhancement. Petitioner was erroneously deemed an armed career criminal but for counsel Performing deficiently below the objective standard of reasonabless. (See Memorandum of Law).

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Counsel was ineffective for not filing a notice of appeal upon request by the petitioner.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

AO 243 (Rev. 09/17)

**GROUND THREE:** Counsel was ineffective for not conducting a proper investigation in petitioner case.

   (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was ineffective for not properly investigating petitioner case. Counsel did not research petitioner prior convictions that do not qualify for ACCA Enhancement and allowed petitioner to be sentenced as an armed career criminal to 180 months unconstitutionally.

(See Memorandum of Law).

   (b) **Direct Appeal of Ground Three:**
      (1) If you appealed from the judgment of conviction, did you raise this issue?
         Yes ☐    No ☒
      (2) If you did not raise this issue in your direct appeal, explain why:

Counsel was ineffective for not filing a notice of appeal upon petitioner request.

   (c) **Post-Conviction Proceedings:**
      (1) Did you raise this issue in any post-conviction motion, petition, or application?
         Yes ☐    No ☒
      (2) If you answer to Question (c)(1) is "Yes," state:
      Type of motion or petition:        N/A
      Name and location of the court where the motion or petition was filed:
                           N/A
      Docket or case number (if you know):     N/A
      Date of the court's decision:                                   N/A
      Result (attach a copy of the court's opinion or order, if available):

                           N/A

      (3) Did you receive a hearing on your motion, petition, or application?
         Yes ☐    No ☒
      (4) Did you appeal from the denial of your motion, petition, or application?
         Yes ☐    No ☒
      (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
         Yes ☐    No ☒

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

N/A

AO 243 (Rev. 09/17)

Type of motion or petition: _____N/A_____

Name and location of the court where the motion or petition was filed:

_____N/A_____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____N/A_____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____N/A_____

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

Huda Ajlani-Macri

(b) At the arraignment and plea:

"Huda Ajlani-Macri"

(c) At the trial:

"Huda Ajlani-Macri"

(d) At sentencing:

"Huda Ajlani-Macri"

(e) On appeal:

N/A

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:   N/A

(c) Give the length of the other sentence:   N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☒

AO 243 (Rev. 09/17)

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

> Petitioner is within his one year time limit for his 28 USC 2255 motion to vacate set aside, correct sentence. <u>Richardson vs. U.S.</u> 526 US 853-857 (1959) and <u>Dobb vs. U.S.</u> 545 U.S. 357 (2005).

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief: Grant petitioner's 28 USC 2255 for ineffective assistance of counsel and resentence petitioner to a guideline sentence without the ACCA Enhancement.
or any other relief to which movant may be entitled.

*Steven Powell* — pro-se
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on  May 17, 2022 .
(month, date, year)

Executed (signed) on  5/17/22  (date)

*Steven Powell*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Steven Powell 96051-004
Miami Federal Correction Institution
P.O. Box. 779800
Miami, Fla 33177



Clerk of Court
United States Courthouse
Southern District of Florida
299 East Broward Blvd, Rm 108
Ft. Lauderdale, Fl 33301